```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
```

ABSOLUT CARE OF ALLEGANY, LLC, et al.,

                    Plaintiffs,

-against-

ANDERSON ALEXANDER, PLLC,

                    Defendant.

**MEMORANDUM & ORDER**
25-CV-2473 (EK)(JRC)

```
-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        The plaintiffs in this matter sought a temporary restraining order and preliminary injunction. ECF No. 2. The Court denied the motion for a temporary restraining order on May 6. *See* Docket Order dated May 6, 2025. At the conclusion of a subsequent hearing, the Court also denied the motion for a preliminary injunction. Tr. of May 28 H'ing, ECF No. 14.[1] This order memorializes the reasoning for that denial.

## I. Background

        The plaintiffs are members of a consortium of twenty New York-based nursing facilities, all of which operate under the brand name Living Legends. Farbenblum Decl. ¶ 2, ECF No. 2-

---

[1] At that hearing, plaintiffs' counsel indicated they would not seek to present testimony, stating instead that plaintiffs were "prepared to make [their] showing based on the documents in the record." Tr. of May 28 H'ing, at 4:18-5:3.

2. The defendant is Anderson Alexander PLLC, a Texas-based law firm. The plaintiffs allege that Anderson Alexander is targeting their nursing facility employees with Facebook advertisements suggesting that those facilities are violating New York wage-and-hour laws. Compl. ¶ 1, ECF No. 1. The advertisements state that "current [and] former Living Legends healthcare employees . . . may qualify to pursue a claim for unpaid wages." *See* Sample Advertisements, ECF No. 2-3.

The plaintiffs claim a violation of New York General Business Law Section 349, which bans "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York]." N.Y.G.B.L. § 349(a); *see* Compl. 6. They also bring common-law claims for tortious interference with prospective economic advantage, unfair competition, unjust enrichment, and defamation. *See* Compl. 7-9. They seek an order barring Anderson Alexander from "making or disseminating false and defamatory statements about Plaintiffs" and "publishing or disseminating misleading advertisements targeted at Plaintiffs' current or former employees without a good faith factual basis." ECF No. 2, at 2.[2]

---

[2] By prohibiting behavior that already violates New York law, the plaintiffs' proposed injunction at least resembles the "very kind of broad-based, 'obey the law' injunctive relief that courts, including the Second Circuit, have criticized." *New York v. Shinnecock Indian Nation*, 560 F. Supp. 2d 186, 190 (E.D.N.Y. 2008); *see also Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir. 1996) ("[A]n injunction must be more specific than a simple command that the defendant obey the law."). And to the extent the

2

## II.  Discussion[3]

To obtain a preliminary injunction, a plaintiff "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).[4] A plaintiff can sometimes obtain a preliminary injunction by showing a "sufficiently serious question going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor."  *Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 33 (2d Cir. 1995).  But that is not enough where, as here, a plaintiff seeks an

---

proposed injunction reaches more broadly to include non-defamatory speech, it would raise serious First Amendment concerns. *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Intern. Union*, 239 F.3d 172, 178 (2d Cir. 2001) ("[T]he First Amendment strongly disfavors injunctions that impose a prior restraint on speech."); *Sparman v. Edwards*, 325 F. Supp. 3d 317, 320 (E.D.N.Y. 2018) ("[U]se of the injunctive powers of federal courts to suppress any publication is highly disfavored and requires an exceedingly persuasive justification.").  The Court need not reach these issues in light of the conclusion below that a preliminary injunction is otherwise unwarranted at this stage.

[3] Anderson Alexander initially suggested that the request for injunctive relief was moot, because the firm had stopped disseminating the challenged advertisements.  *See* Def.'s May 13 Ltr., ECF No. 10.  But in its briefing, the firm opposed the "continued cessation of its advertisements," and requested that the Court reach the merits of the preliminary injunction motion.  *See* Def. Br. in Opp'n to Prelim. Injunction 4 n.5, ECF No. 11.  Because Anderson Alexander intends to keep running the advertisements, the Court need not take on the question of voluntary cessation.  *Cf. Mhany Mgmt., Inc. v. Cnty. of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016) (outlining voluntary cessation doctrine).

[4] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

injunction that would "alter, rather than maintain, the status quo." *Id.* at 33-35.

## A.  Likelihood of Success on the Merits

The plaintiffs have not shown a sufficient likelihood of success on the merits. Their claims rest mainly on the assertion that the defendants have "no factual basis" for implying that the plaintiffs violated wage-and-hour laws. Compl. ¶¶ 2, 36, 48, 64. But the record on this question is at least mixed. The defendant has represented, and the plaintiffs have not disputed, that Anderson Alexander first ran a "general campaign" that did not explicitly target Living Legends employees, and that it only ran more targeted advertisements after receiving responses from "six individuals who identified a Plaintiff entity associated with potential [Fair Labor Standards Act] violation[s]." Anderson Decl. ¶ 6, ECF No. 11-1. Thus, a dispute persists as to whether the defendant had a factual basis for its advertisements. The existence of this dispute cuts against finding a likelihood of success on the merits. *See Video Trip Corp. v. Lighting Video, Inc.*, 866 F.2d 50, 52 (2d Cir. 1989); *accord Nicholas v. Miller*, 109 F. Supp. 2d 152, 158 (S.D.N.Y. 2000).[5]

---

[5] Section 349 expressly authorizes courts to enjoin unfair or deceptive trade practices. N.Y.G.B.L. § 349(b). So, the four-factor *Winter* test for preliminary injunctive relief does not apply to the plaintiffs' Section 349 claim. *S.E.C. v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 808 (2d Cir. 1975).

4

Plaintiffs also claim that the defendant misled Living Legends employees by implying that Anderson Alexander attorneys could practice law in New York. *See* Compl. ¶ 1, 51 (alleging that Anderson Alexander attorneys are not licensed in New York). This conduct, the plaintiffs argue, likely violated Section 349. To state a Section 349 claim, a plaintiff must allege that (1) the defendant's conduct was "directed at consumers," (2) the conduct was "misleading in a material way," and (3) the plaintiff suffered injury as a result.

It is not clear that the advertisements were misleading in this manner, given that an attorney who lacks a New York license can still practice in a federal court by submitting a *pro hac vice* application. *E.g.* Local Civ. R. 1.3(i). But even if the advertisements in question could have misled consumers as to the qualifications of Anderson Alexander attorneys, it is also unclear that this conduct would have directly injured the *plaintiffs*. Rather, any injury would be felt by the *clients* that Anderson Alexander solicited.

---

Instead, the relevant question is whether the statute's conditions for injunctive relief have been satisfied. *Id.* But one of those statutory conditions is that the challenged conduct be "misleading in a material way." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000). And given the factual dispute as to whether the defendant's advertisements were indeed misleading, the different standard does not change the outcome here.

**B.  Irreparable Harm**

To show irreparable harm, the plaintiff must "demonstrate an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995).

The plaintiffs have not shown a likelihood of such harm.  The consortium's chief strategy officer has averred that the challenged advertisements have damaged the consortium's reputation, harmed employee morale, and provoked concern among "referral sources" — that is, sources of new customers — that the plaintiffs' facilities are "not compliant with labor laws." Farbenblum Decl. ¶¶ 9-12.  He estimates that these harms, taken together, could amount to monetary damages of at least $250,000. *Id.* ¶ 12.  At oral argument, counsel similarly asserted that the advertisements could "damage employee morale" and "make it difficult to retain and recruit staff."  Tr. of May 28 H'ing, at 6:8-19.

These allegations do not justify a preliminary injunction.  Affidavits that merely "reflect concern, apprehension and the need for assurances" from customers do not support a finding of irreparable harm, absent (at least) "statements that . . . customers will not do business with [the plaintiffs] in the future." *GPA Inc. v. Liggett Grp., Inc.*, 862

6

F. Supp. 1062, 1068 (S.D.N.Y. 1994). And the plaintiffs' concerns about reputational harm, damaged morale, and staff recruitment remain (as of now) inchoate, and therefore cannot justify injunctive relief.[6] *Shapiro*, 51 F.3d at 332; *see also JDS Grp. Ltd. v. Metal Supermarkets Franchising Am., Inc.*, No. 17-CV-6293, 2017 WL 2643667, at *4 (W.D.N.Y. June 20, 2017) (speculative allegations about "employee morale issues" do not establish irreparable harm). Indeed, as the Court noted at oral argument, nothing in the current record suggests that the plaintiffs have lost employees or customers, or failed to obtain new ones, based on the challenged advertisements. Tr. of May 28 H'ing, at 9:6-13.

Moreover, to establish irreparable harm, a plaintiff must show an injury "for which money damages cannot provide adequate compensation." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002). The plaintiffs have made no such showing. On the contrary, they aver that their injury could be remedied by monetary damages that are "in no event less than $250,000." Farbenblum Decl. ¶ 12. Thus, the plaintiffs' claim of irreparable harm fails for a second independent reason.

---

[6] The Court therefore need not determine whether damage to employee morale can constitute irreparable harm for purposes of a preliminary injunction. However, at oral argument, plaintiffs' counsel conceded that he had not identified any authority for that proposition. Tr. of May 28 H'ing, at 6:20-24.

7

## III. Conclusion

For the foregoing reasons, the plaintiffs have not shown likelihood of success on the merits or of irreparable harm. Accordingly, the motion for a preliminary injunction is denied without prejudice to renew.

SO ORDERED.

                                            /s/ Eric Komitee  
                                            ERIC KOMITEE  
                                            United States District Judge

Dated:    June 10, 2025  
            Brooklyn, New York